U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 APR 20 AM 11:15

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-NC1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-NC1<br><br>Plaintiff,<br><br>v.<br><br>VERMONT MUTUAL INSURANCE COMPANY,<br>CRAIG A. GEARY,<br>ORESTES G. BROWN, ESQ.,<br>METAXAS BROWN PIDGEON, LLP,<br>ROBERT H. KIDNEY<br>and<br>THOMAS P. GUNN<br><br>Defendants. | Civil Action No. ~~1:15-CV-~~_____<br><br>5:15-cv-90 |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates, Series 2006-NC1 ("Plaintiff"), by and through its attorneys, Preti, Flaherty, Beliveau & Pachios, PLLP, hereby brings this Complaint for Declaratory Relief seeking a judicial determination that certain proceeds of a homeowner's insurance policy issued by Vermont Mutual Insurance Company should be made payable solely to Plaintiff and that Plaintiff should be the exclusive beneficiary of the insurance proceeds.

8308228.2

## PARTIES

1. Plaintiff U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates, Series 2006-NC1, has an address of 16 Livingston Avenue, EP-MN-WS3D, St. Paul, Minnesota 55107.

2. Upon information and belief, Defendant Craig A. Geary is believed to reside at 25 Norman Avenue, Magnolia, Massachusetts 01930.

3. Upon information and belief, Defendant Robert H. Kidney is a resident of 3036 Porter Place, The Villages, FL 32162

4. Upon information and belief, Defendant Thomas P. Gunn is a resident of 40 Lexi Drive, Manchester, CT 06040.

5. Upon information and belief, Defendant Vermont Mutual Insurance Company ("Vermont Mutual") is a Vermont-based insurance company organized under the laws of Vermont, with a business address located at 89 State Street, Montpelier, VT 05601.

6. Upon information and belief, Defendant Metaxas Brown Pidgeon, LLP is a Massachusetts-based law firm, with a business address located at 900 Cummings Center, Suite 207T, Beverly, MA.

7. Upon information and belief, Defendant Orestes G. Brown, Esq. is a resident of 57 Brook Street, Manchester, MA 01944-1135 and is an attorney at the law firm of Metaxas Brown Pidgeon, LLP.

## JURISDICTION AND VENUE

8. This is an action seeking a declaration of rights pursuant to 28 U.S.C. § 2201.

9. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

11. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the insured property is in Vermont, Defendant Vermont Mutual resides in Vermont, and a substantial part of the events giving rise to this action occurred in Vermont.

## STATEMENT OF THE CLAIM

### I. The Property and Mortgage

12. On or about January 27, 2006, Defendant Geary purchased and acquired a home located at 199 Sessions Meadow, in the Town of South Pomfret, State of Vermont (the "Property").

13. In connection with the purchase of the Property, on January 30, 2006, Defendant Geary executed a Note in favor of New Century Mortgage Corporation, with a principal amount of $247,500.00.

14. The Note is secured by a Mortgage Deed dated January 30, 2006, from Defendant Geary to New Century Mortgage Corporation (hereinafter "the Mortgage"). A copy of the original Mortgage is attached hereto as Exhibit A.

15. The Mortgage was recorded on February 1, 2006, in Volume 63 at Page 397-405 with the Land Records of the Town of Pomfret.

16. The Mortgage was assigned to Plaintiff by an Assignment dated June 4, 2009, and recorded May 17, 2010, in Volume 69 at Page 370 with the Land Records of the Town of Pomfret. A copy of the Assignment is attached hereto as Exhibit B.

17. Plaintiff is the holder of the Note, which is endorsed in blank.

18. Upon information and belief Defendants Robert H. Kidney and Thomas P. Gunn are junior lien holders on Defendant Geary's property by virtue of a mortgage deed in the amount of $13,750.00 recorded subsequent to Mortgage granted to New Century Mortgage Corporation.

19. The Property Insurance covenants in the Mortgage provided Defendant Geary was to keep the Property insured against loss by fire and other hazards, and all insurance policies and coverages for damage to or destruction of the Property were required to include a standard mortgage clause and name the mortgagee as an additional loss payee. Exhibit A, Covenant No. 5, Property Insurance.

20. The Property Insurance covenants in the Mortgage (Exhibit A, Covenant No. 5, Property Insurance) further provide the insurance proceeds are to be applied as follows:

    a. Unless agreed upon in writing between Defendant Geary and mortgagee "any insurance proceeds, whether or not the underlying insurance was required by [mortgagee], shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and [mortgagee's] security interest is not lessened," and

    b. "If restoration or repair of the Property is not economically feasible or [mortgagee's] security interest would be lessened, the insurance proceeds shall be applied to the sums secured by [the Mortgage], whether or not then due, with the excess, if any, paid to [Defendant Geary]."

21. The Mortgage specifically provides that fees for "other third parties, retained by [Defendant Geary] shall not be paid out of the insurance proceeds and shall be the sole obligation of [Defendant Geary]." Id.

8308228.2

## II. The Vermont Mutual Insurance Policy

22. As required by the Mortgage, in January 2011 Defendant Geary purchased a homeowner's insurance policy (the "Policy") from Defendant Vermont Mutual Insurance Company, which was effective from January 30, 2011, to January 30, 2012. *See* Insurance Policy attached hereto at Exhibit C; *see also* Evidence of Property Insurance, Policy # HO12299833, attached hereto as Exhibit D.

23. The Policy provided Defendant Geary with up to $335,000.00 in insurance coverage for damage or casualty to the Property; up to $234,500.00 in insurance coverage for loss of personal property; and up to $67,000.00 for loss of the use of the Property. *See* Exhibit C.

24. The policy identifies Chase Home Finance LLC ISAOA as an insured party under the Policy, and notes the mortgagee was changed from the prior policy. Exhibit C, at pg. 2 of 43.

25. Chase Home Finance LLC ISAOA was the servicer of the Geary loan at the time that the Policy was issued, acting for and at the direction of Plaintiff U.S. Bank National Association, as Trustee.

26. Select Portfolio Services, Inc. is the current servicer and successor in interest to Chase Home Finance, and is acting for and at the direction of Plaintiff.

27. The Mortgage Clause in the policy provides "If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to mortgagee and you as interests appear." Exhibit C, pg. 14 of 43, paragraph 12.

28. The policy identifies Defendants Kidney and Gunn as additional insureds, describing their interest as "additional interest," but does not include them as mortgagees; the only mortgagee is Chase Home Finance. Exhibit C, at pg. 3 of 43.

5

### III. The Property's Fire Loss and Insurance Proceeds

29. On or about July 10, 2011, Defendant Geary's home was completely destroyed by a fire.

30. Geary has taken the position that the replacement value and cost to rebuild the home exceeds the amount of available insurance.

31. Defendant Geary retained Attorney Brown and the law firm of Metaxas Brown Pidgeon, LLP to represent him in an action against Vermont Mutual to collect payment for the fire loss under the Policy.

32. On or about August 1, 2012, Defendant Geary filed a complaint in the United States District Court for the District of Massachusetts against Vermont Mutual, captioned *Geary v. Vermont Mutual* (Docket No. 1:12-CV-11410-GAO) (the "Massachusetts Action"), alleging breach of contract, breach of implied covenant of good faith and fair dealing, and unfair and deceptive business practices.

33. Geary was represented in the Massachusetts Action by Attorney Brown and the law firm Metaxas Brown Pidgeon, LLP.

34. In the Massachusetts Action, Defendant Geary sought to recover on his claim for personal property losses as well as the loss of the residential structure.

35. Shortly after the complaint was filed, Defendant Geary and Vermont Mutual entered into a settlement agreement to resolve the action.

36. Geary dismissed the Massachusetts Action on October 11, 2012, before Vermont Mutual appeared in the case.

37. In the settlement, Geary recovered $107,824.38 from Vermont Mutual in satisfaction of his personal property loss.

38. Vermont Mutual also agreed with Geary and his counsel to pay $233,436.71 for the structure loss to the Property, which are the insurance proceeds in dispute.

39. Vermont Mutual has issued checks for the amount of the structure loss, but has insisted on including multiple parties on the check, including Attorney Brown.

40. Plaintiff was not a party to the Massachusetts Action and did not consent to the settlement.

### III. The Dispute

41. Plaintiff has demanded that Vermont Mutual issue the check to it and Mr. Geary, but Vermont Mutual has refused to do so and insists any check it issues will include Attorney Brown and Defendants Kidney and Gunn.

42. Vermont Mutual has also included a prior mortgagee on the check, North American Savings Bank, despite the fact that it is not named on the applicable policy and the mortgagee was changed to Chase Home Finance.

43. Defendant Attorney Brown has asserted that he and the law firm Metaxas Brown Pidgeon, LLP are entitled to $77,812.24 from the insurance proceeds payable from the $233,436.71 for the structure loss.

44. Attorney Brown and his firm assert they had a one-third contingency agreement with Mr. Geary and are thus entitled to the fees from the proceeds due to the mortgagee.

45. Plaintiff was not a party to any fee agreement between Geary and his attorneys and did not consent to the payment of Geary's attorneys from insurance proceeds.

46. Kidney and Gunn are, on information and belief, continuing to assert they are entitled to a portion of the proceeds.

47. The outstanding balance on Geary's loan currently exceeds $400,000.

8308228.2

48. Under the mortgage, Plaintiff is to receive the proceeds from the structure loss to apply toward the loan.

49. Under the insurance policy Plaintiff is to receive the proceeds from the structure loss to apply toward the loan.

50. As the outstanding balance of the loan exceeds the amount of the insurance proceeds for the structure loss, there would thus be no excess proceeds available to Geary or others and thus no need to include them on the check.

51. Plaintiff is the exclusive beneficiary of the Vermont Mutual insurance proceeds for the structure loss because restoration of the Property is not economically feasible and Plaintiff's security interest would be lessened.

## COUNT I – DECLARATORY JUDGMENT

52. Plaintiff hereby restates and incorporates by reference the allegations set forth in this Complaint as if more fully re-alleged herein.

53. Plaintiff is entitled to the insurance proceeds of the structure loss, to be applied to the outstanding balance of the loan.

54. Kidney and Gunn are not entitled to any of the insurance proceeds for the structure loss as they are junior lienholders and there are no excess proceeds.

55. Geary is not entitled to any of the proceeds for the structure loss as the lienholders are not paid in full.

56. Attorney Brown and the law firm are not entitled to payment of his or its fees from the insurance proceeds for the structure loss.

57. Vermont Mutual should be ordered to re-issue a check solely in the name of Plaintiff in the amount of $233,436.71.

WHEREFORE, Plaintiff respectfully requests that the Court enter the declaratory relief sought herein, award Plaintiff its reasonable costs and attorney's fees incurred in this matter, and order any further relief that the Court deems just and proper.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates, Series 2006-NC1

By its attorneys,

PRETI, FLAHERTY, BELIVEAU & PACHIOS, PLLP

Dated: April 17, 2015

By: /s/ Timothy D. Connolly
Timothy D. Connolly
Vermont Bar No. 4663
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
tconnolly@preti.com

Peter G. Callaghan
To be admitted Pro Hac Vice
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
pcallaghan@preti.com

8308228.2